UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 FEB 11   A 10: 26

U.S. DISTRICT COURT
HARTFORD, CT.

MICHAEL MORIARTY,

    Plaintiff,

V.

RICHARD NEUBOULD and
STEVEN STEIN,

    Defendants.

CASE NO. 3:02cv1662 (RNC)

RULING AND ORDER

Plaintiff Michael Moriarty, a federal inmate proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 against Dr. Steven Stein and Richard Neubould, members of the medical staff of the Connecticut Department of Corrections ("DOC").[1] He alleges that the defendants were deliberately indifferent to his need for medical treatment for frequent, severe migraine headaches and acid reflux in violation of the Eighth Amendment. Defendants have moved to dismiss the complaint for failure to state a claim on which relief may be granted and on the ground of qualified immunity. [Doc. # 10]. Dismissal is proper only if it is clear beyond doubt that plaintiff can prove no set of facts entitling him to relief. See McEachin v. McGuinnis, 2004 WL 214091, *3 (2d Cir. 2004). His

---

[1] Though plaintiff's complaint indicates that he is bringing this action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), presumably based on his current status as a federal prisoner, his claim is construed as one brought under § 1983 because he is asserting it against Connecticut prison officials.

claim against Stein withstands this test but his claim against Neubould does not.  Accordingly, the motion is granted in part and denied in part.

BACKGROUND

The following facts are presumed true for purposes of this motion.  Before plaintiff was incarcerated, a neurologist diagnosed him as suffering from migraine headaches and prescribed two medications, Elavil and Imitrex.  Plaintiff also was taking two medications to treat acid reflux, Tums and Prevacid.

In January 2002, plaintiff was transferred to the Bridgeport Correctional Center ("BCC") from another DOC facility.  In that month, he met with defendant Stein, a doctor at BCC.  Plaintiff informed Stein about the four medications prescribed to him for his migraine and acid reflux conditions.  Stein said that he did not think those medications were necessary and that he treats migraines with Motrin.  Plaintiff was subsequently transferred to another facility.

On April 10, 2002, plaintiff was transferred back to BCC. At his medical intake interview, he informed the nurse about his medical conditions and the four medications he had been taking for them.  He later sent Dr. Stein several requests for appointments, and ultimately obtained one for April 24.  At that time, Stein said he would not continue the previously prescribed medications, which were not yet due to expire, but would prescribe another migraine medication, Inderol.

On May 2, plaintiff saw Dr. Stein again and told him that

the Inderol was not very effective. Stein then prescribed one of the migraine medications plaintiff had taken previously, Elavil, and ordered a bottle of Tums for plaintiff's acid reflux. Stein also said he would order Prevacid for plaintiff's reflux condition. On May 9, plaintiff received his first dose of Elavil and the Tums. On May 17, he received his first dose of Prevacid, but only after a nurse called the University of Connecticut pharmacy and asked that it be forwarded, Stein having failed to order it himself.

Plaintiff made numerous requests to see Stein again and obtained another appointment for May 22, 2002. At that time, Stein changed plaintiff's acid reflux medication from Prevacid to Reglin and ordered Imitrex, the other migraine medication plaintiff had been taking originally.

On May 28, plaintiff went to see defendant Neubould, BCC's health services administrator, to complain that he had not received the Imitrex. When plaintiff asked Neubould whether he thought the delay was unreasonable, Neubould laughed and said, "I don't think so."

During the month between his arrival back at BCC and the time he obtained the Elavil, plaintiff suffered two migraines a week, lasting four to twelve hours. After getting the Elavil, he suffered only one small migraine. He also suffered constant burning in his throat and acid reflux for two to four day intervals during the time he was without Prevacid.

DISCUSSION

The Eighth Amendment protects inmates from "deliberate indifference" to their "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). To prove a deprivation of this right, an inmate must show intent to either deny or unreasonably delay access to needed medical care, or the wanton infliction of unnecessary pain by prison personnel. See id. at 104-05. Whether a medical need is "serious" in the constitutional sense is determined by an objective standard. See Hudson v. McMillian, 503 U.S. 1, 8-9 (1992); Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998).[2] If an inmate satisfies this standard, he can recover if he also establishes that the prison official acted with "a sufficiently culpable state of mind." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom. Foote v. Hathaway, 513 U.S. 1154 (1995). Deliberate indifference exists when a prison official knows the inmate faces a substantial risk of serious harm and disregards the risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994); Harrison v. Barkley, 219 F.3d

---

[2] Defendants contest whether plaintiff's migraine headaches constitute a sufficiently serious condition to warrant constitutional protection. However, migraine headaches can be extremely painful and debilitating, and a neurologist prescribed two medications to treat plaintiff's condition. See Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (factors relevant to seriousness of medical condition include "existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain").

4

132, 137-38 (2d Cir. 2000).

<u>Claim against Dr. Stein</u>

<u>Migraine Headaches</u>

Plaintiff's allegations with regard to his migraine headaches fall into three distinct time periods: his first period of incarceration at BCC in January 2002; his second period of incarceration at BCC prior to receiving any medical treatment; and the period following the commencement of his treatment by Stein on April 24, 2002.

With regard to the first of these, plaintiff fails to allege any facts to support a finding that Dr. Stein was deliberately indifferent to his medical needs. Plaintiff does not allege that he suffered a serious migraine during this period, that he informed Stein of his suffering, and that Stein refused to either see him or prescribe something to alleviate the pain.

Plaintiff's allegations regarding the second period - between April 10, 2002, the date he was transferred back to BCC, and April 24, 2002, his first appointment with Stein upon his return - state a potentially viable claim. Plaintiff alleges that during this period he suffered bi-weekly, intense migraines and that he made repeated requests to see Stein. Based on Stein's prior knowledge that plaintiff had valid prescriptions to effectively treat this condition, deliberate indifference may be shown if: (1) plaintiff informed Stein of the serious and recurring nature of his pain; and (2) Stein withheld offering any form of relief without justification, letting plaintiff

5

needlessly suffer for two weeks before seeing him. See Atkins v. Coughlin, 1996 WL 460795, *1 (2d Cir. Aug. 14, 1996), cert. denied sub nom Atkins v. Goord, 519 U.S. 1130 (1997) (prison officials may be liable for delayed treatment when "(1) the prisoner suffers from severe pain that obviously warrants prompt medical attention . . . (2) the inmate makes multiple complaints of pain . . . or (3) the prison officials withhold treatment in order to make the inmate suffer") (citations omitted); see also Boretti v. Wiscomb, 930 F.2d 1150, 1154-55 (6th Cir. 1991) ("prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering").

Plaintiff's allegations with regard to the third time period at issue, that is, the period after Dr. Stein began to treat him on April 24, are insufficient to establish deliberate indifference. The crux of the allegations is that Stein substituted ineffective medications and should have gotten plaintiff back on the previous medications sooner. A treating doctor's difference of opinion with another doctor does not constitute deliberate indifference. See Patterson v. Lilley, 2003 WL 21507345, *5-6 (S.D.N.Y. June 30, 2003) (changing medication, lowering dose and taking inmate off medication for a period of time is properly characterized as difference of opinion rather than deliberate indifference); see also Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986) ("so long as the treatment given is adequate, the fact that a prisoner might prefer a different

treatment does not give rise to an Eighth Amendment violation").[3] Moreover, crediting plaintiff's allegations, he was seen by Dr. Stein three times between April 24 and May 22, 2002. When plaintiff complained that a medication was ineffective, Stein responded by changing the medication until an effective one was found. See Ortiz v. Makram, 2000 WL 1876667, *6 (S.D.N.Y. Dec. 21, 2000) (doctor's responsiveness to inmate's complaint about medication undercut claim of deliberate indifference). Furthermore, the complaint indicates that plaintiff's migraines were almost completely alleviated when he resumed taking Elavil on May 9.

Acid Reflux

Plaintiff's allegations concerning his acid reflux condition are insufficient to state a claim for deliberate indifference. He alleges that as of January 2002, Dr. Stein knew he had been prescribed Tums and Prevacid for acid reflux. However, there is no allegation that he told Dr. Stein he was suffering from acid reflux and needed medication either at that time or any other time through the end of April. He alleges that on May 2, Dr. Stein ordered Tums and said he would order Prevacid, which was obtained approximately two weeks later on May 17. Plaintiff does not allege that his need for Prevacid was urgent, or that he so informed Stein.

Accordingly, plaintiff will not be permitted to proceed

---

[3] Failure to provide adequate medical care does not constitute deliberate indifference if the failure is inadvertent. See Estelle, 429 U.S. at 107.

against Dr. Stein on a claim of deliberate indifference with regard to acid reflux. If plaintiff believes he can allege additional facts that would support such a claim, he may move for leave to file an amended complaint containing those allegations. Any such motion must be filed and served within 30 days and must be accompanied by the proposed amended complaint.

Claim Against Defendant Neubould

Plaintiff's allegations against defendant Neubould are insufficient to state an Eighth Amendment claim. Construing plaintiff's allegations most favorably to him, Neubould was indifferent to plaintiff's need for Imitrex and took no action to help him obtain it. However, by the time plaintiff spoke with Neubould, he was taking Elavil and his migraines had abated. Accordingly, plaintiff's claim against Neubould fails to state a claim on which relief can be granted.

Qualified Immunity

Stein is entitled to qualified immunity if he can demonstrate that it was objectively reasonable for him to believe that his conduct did not violate a clearly established constitutional right. Stein has offered no evidence to rebut plaintiff's allegations. Accordingly, he has not demonstrated that he is entitled to qualified immunity.

CONCLUSION

Defendants' motion to dismiss is granted as to the claim against defendant Neubould but denied as to the claim against Dr. Stein insofar as the claim is based on plaintiff's need for

treatment for migraine headaches during the period April 10 to 24, 2002.

So ordered.

Dated at Hartford, Connecticut this 10th day of February 2004.

                                      Robert N. Chatigny
                                  United States District Judge