## DISTRICT OF CONNECTICUT

MICHAEL MORIARTY                              :          DOCKET NO. 3:02cv1662(RNC)

      VS                                    :

RICHARD NEWBOULD                              :          MARCH o6, 2004
STEVEN STEIN

FILED 2004 MAR 11  P 4: 13  U.S. DISTRICT COURT  BRIDGEPORT CONN.

### MOTION TO EXTEND TIME FRAME TO FILE AMENDED COMPLAINT/
### MOTION FOR ISSUANCE OF ORDER FOR THE PRODUCTION OF
### DOCUMENTS.

The Plaintiff, Michael Moriarty, a Pro Se litigant in the above captioned matter, respectfully asks this court to grant this two(2)part motion.

On February 10, 2004, the court ruled that the plaintiff would be allowed to file an amended complaint against Dr. Steven Stein if he could provide the additional supporting documents in relation to the "acid reflux condition" that was claimed in the original complaint.

In order to establish the proper time-tables with the numerous visits / complaints of the Health Services Unit at Bridgeport Correctional Center(BCC) an 'unmolested' copy of the Plaintiffs 'complete' medical file would be necessary to corroborate any additional allegations.

This file is pertinent due to the six(6)transfers into Bridgeport Correctional Center between o7/o6/99, until September, 2oo2.

Additionally, the Plaintiff had filed with the court three(3)motions on September 1st & 2nd of 2oo3; These said motions have not yet been ruled upon.
                             (See copies attatched)

In order for the Plaintiff to proceed in this case, the complete medical file is essential. This file contains every visit, complaint and treatment conducted during Plaintiffs periods of incarceration at B.C.C. .

An extension of time is requested until the complete medical file is recieved by the Plaintiff.

This motion is respectfully submitted this 7th. day of March, 2oo4.

Signed: _Michael Moriarty_
          Michael Moriarty 3/7/04

## CERTIFICATE OF SERVICE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I, Michael Moriarty, certify and swear under penalty of law, that a true and accurate copy of this motion was mailed 'First Class Postage Pre Paid' on March o7, 2oo4, to:

Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT.        06105

Respectfully,

Signed:        _Michael Moriarty_
               Michael Moriarty
               March o7, 2oo4

```
MOVEMENTS        NUMBER:    155269      NAME:  MORIARTY,MICHAEL         PAGE    1
FILE:  HARTFORD CCC                     MED FILE:
```

| | DATE | SEQ | LOCATION | JUR | STA |
|---|---|---|---|---|---|
| READMISSION, FROM FEDERAL AUTHORITIES | 4/10/2002 | 2 | 123 BRIDGEPORT CC | 5FM | X |
| DISCHARGE TO IMMIGRATION | 4/10/2002 | 1 | 900 DISCHARGE | 900 | X |
| TRANSFER AMONG DOC LOCATIONS | 1/30/2002 | 1 | 121 HARTFORD CCC | 5IM | X |
| DISG & HOLD FOR IMM AUTH | 1/29/2002 | 1 | 123 BRIDGEPORT CC | 5IM | X |
| SENTENCE EXPIRED, HOLD ON CT CHARGES | 1/10/2002 | 1 | 123 BRIDGEPORT CC | 123 | U |
| TRANSFER AMONG DOC LOCATIONS | 1/08/2002 | 1 | 123 BRIDGEPORT CC | 123 | G |
| TRANSFER AMONG DOC LOCATIONS | 11/16/2001 | 1 | 137 MACDOUGALL CI | 137 | G |
| TRANSFER AMONG DOC LOCATIONS | 10/05/2000 | 1 | 115 OSBORN CCI | 115 | G |
| TRANSFER AMONG DOC LOCATIONS | 10/04/2000 | 1 | 124 RADGOWSKI CI | 124 | G |
| TRANSFER AMONG DOC LOCATIONS | 8/14/2000 | 1 | 123 BRIDGEPORT CC | 123 | G |
| TRANSFER AMONG DOC LOCATIONS | 8/07/2000 | 1 | 123 BRIDGEPORT CC | 123 | G |
| TRANSFER AMONG DOC LOCATIONS | 1/18/2000 | 1 | 128 BROOKLYN CCC | 128 | G |
| SENTENCED BY COURT | 1/12/2000 | 1 | 123 BRIDGEPORT CC | 123 | G |
| TRANSFER AMONG DOC LOCATIONS | 1/10/2000 | 1 | 123 BRIDGEPORT CC | 123 | G |
| TRANSFER AMONG DOC LOCATIONS | 12/20/1999 | 1 | 115 OSBORN CCI | 115 | G |
| START SERVING SENTENCE (1+) | 12/17/1999 | 1 | 123 BRIDGEPORT CC | 123 | G |
| TRANSFER AMONG DOC LOCATIONS | 12/02/1999 | 1 | 123 BRIDGEPORT CC | 123 | U |
| | *11/04/1999* | | *115 OSBORN CCI* | *115* | *G* |

```
CRWQ   4/12/2002    CT DEPT OF CORRECTION - MOVEMENTS - RT60

TRANSACTION: P/N    NUMBER:   00155269                    ENTER FOR NEXT PAGE
```

*7/6/99   123 BRIDGEPORT CC 123 G*

United States District Court
District of Connecticut

Michael Moriarty               : Docket #3:02 CV 1662 (RNC)
        v
Richard Neubould               :
Steven Stein                   :    Date - Sept. 1, 2003

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

<u>Motion for Extension of Time</u>
<u>for Discovery</u>

Comes now the Plaintiff, Michael Moriarty, who at this time requests from the Court an extension of time for Discovery.

All requests for information from the defendants and their attorney Mr. Matthew B. Beizer have gone unanswered. It is pertinent that the Plaintiff be allowed

the time necessary to retrieve important documents which are necessary for his case. At this time, all requests from Bridgeport Correctional Center and the Attorney Generals Office have gone un-answered and the Plaintiff can not move forward in his case without these documents.

Respectfully Submitted

Michael Moriarty
#14634-014

This was followed up in July, along with a letter to Mr. Matthew Beizer Assistant Attorney General. Both of these requests have gone unanswered.

No information have been recieved at this time concerning the facts in this case.

The Plaintiff now requests from the Court that the defendants and their attorney be ordered to release a copy of the Plaintiffs medical file.

~~Additionally~~

United States District Court
District of Connecticut

Michael Moriarty        : Docket # 3:02 CV 1662 (RNC) (DFM)
        v
Richard Newbould :
Steven Stein        :      Date - Sept. 2, 2003

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

<u>Motion to Grant Application
for Subpoena Duces Tecum</u>

Comes now the Plaintiff, Michael Moriarty
who hereby moves this Court to grant an
application for a Subpoena Duces Tecum.
        As outlined in Rule 45 (d) (1) of the
Federal Rules of Civil Procedure it states
that production of documents from a
non-party may be gained through
this form of subpoena.

In the case of Fisher v Marubeni Cotton Corp. 526 F.2d 1338 Headnote # 4 Federal Civil Procedure 1232, "Production of documents from a non-party can be compelled only by an issuance of a subpoena duces tecum. Emphasis added.

This application will be for the records office of two (2) correction facilities, (addresses on last page) one in the state of Conn. and one in the state of Rhode Island.

In discussing the territorial reach of the Subpoena, the Plaintiff asserts in Rule 45 F.R.C.P. Commentary 12 (to be read as C-45-12), that a subpoena whose subject is beyond the 100 mile jurisdiction

United States District Court
District of Connecticut

Michael Moriarty     : Docket # 302CV1662(RNC)
         v
Richard Newbould     :
Steven Stein         : Date - Sept. 1, 2003

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## Motion to Compel

Comes now the Plaintiff, Michael Moriarty, who respectfully asks this Court to grant his motion to compel.

In of June, 2003 a letter was sent to Bridgeport Correctional Center's records office requesting a copy of the Plaintiffs medical file pursuant to the Federal Rules of Civil Procedure and its rules concerning Discovery.

and across state lines, than the District Court of the subpoena's application must use an alternative jurisdiction. In this case Providence, Rhode Island District Court located at Two Exchange Terrace John O. Pastore Building Providence R.I. 02903

This application is for the purpose of obtaining a copy of the Plaintiff's medical file from the Dept. of Corrections (obtained by Wyatt while Plaintiff was there) as well as, their own medical file. This is for the purpose of ensuring that a complete medical file is made available to the Plaintiff. (See Motion to Compel dated Sept. 1, 2003). It has become apparent to

the Plaintiff in this case that it is conceivable that certain features could be missing from the defendants copy - if this ever gets furnished.

Because the subpoena is the only way for the Plaintiff to recieve these files, which will prove the Plaintiffs case, the Plaintiff prays that the Court will see the dire necessity of the Subpoena Duce Tecum

Respectfully Submitted