FILED

United States District Court
District of Connecticut

Michael Mouartz           :   Docket # 3:02CV1662(RNC)(DFM)
   Plaintiff
                          :

V                         :

Richard Newbould          :   Date: October 2, 2004
Steven Stein              :
   Defendants

---

Response to Defendants Motion
   for Summary Judgement

   Comes now the Plaintiff, Michael Mouartz, a Pro Se litigant in the above captioned matter responding to the Motion for Summary Judgement now before the Court.
   First the Plaintiff would like the Court to take into account the lack of

(1)

deligence exhibited by the States Attorney Generals office in this matter.

On March 18, 2004 the Court ruled on pending motions and granted that any motions for Summary Judgement shall be filed on or before June 21, 2004.

On June 18, 2004 the Plaintiff filed such a motion with the Court and served a copy on the attorney Generals office. In direct response to recieving the Plaintiffs copies, Mr. Beizer filed for a time extension upon the realization that they never filed any response to the March 18, 2004 reuling by the Court.

The Plaintiff now asserts that the

counsel for the Defendants, Mr. Matthew Beizer, filed for an extension of time not on June 21, 2004 as ordered by the court, but rather, on June 23, 2004 — two days past the Courts deadline. (See attached photo-copies of Motion for Time Extension and its mailing envelope)

    Mr Beizer certified that the motion was mailed on June 21, 2004 when in fact it didn't get postmarked by their offices Pitney Bowes Postage Meter # 7130942 until June 23, 2004. They could have, in fact, back dated the postage meter, but instead back dated the date of the motion and the date of Certification

(3)

as to the mailing of the motion.

Further, this court had given ample time (3 months & 3 days) in which to file motions for Summary Judgement. It was not until their office recieved Plaintiffs motion for Summary Judgement, before they took action.

On the basis of the Attorney Generals office fabrication of dates, lackadayzical attitude to time restraints, this Motion for Summary Judgement filed by their office should be dismissed because of the late filing for Time Extension.

The Attorney Generals office is full of attorneys and para-legals that

(4)

should have been aware of their obligations to the court and their client. The Plaintiff is a Pro Se litigant with no prior knowledge of the law concerning civil suits and is held under lock-down status (23 hours a day) at his facility since April 27, 2004 and continuing. Even under these constraints the Plaintiff filed his motion in a timely fashion. Haines v Kerner 30 L.ED 2d 652 provides latitude for Pro Se litigants not Attorney Generals lawyers.

For the above reasoning the court should dismiss the Defendants Motion for Summary Judgement and grant the

the Plaintiffs motion and award the amount request in his motion.

Additionally, if it is the courts antention that prejudice be proven out by the Plaintiff he now offers the following (Supporting paper are attached).

On January 8, 2002 Bridgeport Correctional recieved the Plaintiff from MacDougall Correctional and a Tranfer Summary form was provided to B.C.C. As part of medications the migraine medication Imitrex (pain management), Elavil (anti-anxiety, stress)(migraine preventer) Previcid (acid reflux) were all noted and recieved

(6)

by Bridgeport Correctionals medical staff. While at B.C.C. these medications were dispensed to the Plaintiff.

On January 30, 2002, twenty-two days later, the Plaintiff was transferred to Hartford Correctional. As part of his transfer package, a medical transfer summary form was attached. This form indicates the the Plaintiff was recieving Imitrex, Elavil and Prevacid. Again, medications were included with the tranfer.

On April 10, 2002 the F.B.I. took custody of the Plaintiff and moved him back to Bridgeport Correctional

(7)

Since this was not a Connecticut Dept. of Corrections transfer, no transfer summary form or medications themselves were provided to Bridgeport Correctional.

On that same date April 10, 2002 as part of B.C.C.'s intake procedure a medical review was done and Plaintiff informed medical staff of medications he was on and where they were located.

Since this response is dealing with only the time-line of April 10 to the 24, 2002 the Plaintiff will only make the following assertions with documents provided by the Connecticut Dept of Corrections.

(8)

1) See Clinical Record Attached dated 1/9/02 & transfer summary of 1/8/02

Plaintiff informs Dr Stein of his having a Neurologist prior to incarceration Dr. Xistris in Stamford and that he takes Imitrex & Elavil for migraines Dr Stein calls the Neurologist and finds out it was in 1996 when the Plaintiff was under his case

2) Same Clinical Record date 1/24/02

Plaintiff requests refill order for Elavil & Imitrex.
It is noted on the bottom of the Clinical Record that Motrin has been tried in the past but doesn't work needs Imitrex & Elavil

3) On April 17, 2002 Plaintiff sees Dr. Stein and he orders Motrin for the migraines see Physicians Orders form. Dr Steins statement was that that was how he is going to treated the Plaintiffs migraines regardless of treatment that he received less than 10 weeks earlier

4) After filing grievances and writing a letter to the facilities Warden, the proper medications were not ordered until   5/2/02   Elavil
5/22/02   Imitrex
5/22/02   Prevacid

Because of Dr. Stein's reckless disregard for a patient who had a treatment plan in force, the Plaintiff was left to suffer excruciating pain lasting many hours. The Plaintiff was left for a total of 49 days without pain meds for a serious medical condition, one that was recognized by other doctors in Connecticuts Dept of Corr., as well as, an outside specialist (Dr Xistris)

Dr Stein knew full well who the Plaintiff was when officers were calling

(10)

on his behalf, or when lieutenents were hand delivering requests from the Plaintiff.

In conclusion, the Plaintiff asks that the Defendants Motion for Summary Judgement be denied and the Plaintiff be awarded Summary Judgement and damages as outlined in the Motion.

At the very least the Plaintiff asserts that all claims are true and documented and at a minimum this case should proceed to a jury trial where witnesses can be presented in addition to documentary proof as it appears in the response.

Lastly, Dr. Stein has a history of disregarding information contained in a patients file and even when it is brought to his attention it gets dismissed due to his willfull disregard for anyone else suffering, especially if it is an inmate and one that is complaining alot and informing his superiors.

The Plaintiff respectfully requests that the court view this response in a liberal light and sees the honesty and callousness that been shown through the attached documents and that Dr. Steins other case Torrence v Pelkey 164 F. Supp 2d 264 be reviewed

since a similiar set of circumstances existed.

Respectfully Submitted
Michael Moriarty
October 2ND, 2004

<u>Certificate of Service</u>

The Plaintiff certifies that a true copy of this response was mailed first-class postage pre-paid on October 7th, 2004, to the Defendants attorney listed below.

Signed
Michael Moriarty
#14634-014   SHU

October 7th, 2004

Mr. Matthew Beizer
Asst Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, Ct 06105-2294

CLERK U.S. DISTRICT COURT
U.S. COURTHOUSE
915 LAFAYETTE BOULEVARD
BRIDGEPORT, CT 06604

OFFICIAL BUSINESS

SPECIAL MAIL
RECEIVED
MAR 29 2004
FCI OTISVILLE
MAIL ROOM

CB 203-579-5861
Clerks Office

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 MAR 18  P 4:59
U.S. DISTRICT COURT
HARTFORD, CT

MICHAEL MORIARTY

v.                                    PRISONER
                           Case No. 3:02cv1662 (RNC) (DFM)

RICHARD NEUBOULD, et al.

## RULING ON PENDING MOTIONS

Pending before the court are plaintiff's motion for extension of time (doc. #19), motion to compel (doc. #20), and motion to grant application for subpoenas duces tecum. (Doc. #21.)

I. Motion for Extension of Time (Doc. #19)

The motion for extension of time to complete discovery (doc. #19) is GRANTED as follows:

1. Discovery pursuant to the Federal Rules of Civil Procedure, Rules 26 through 37, shall be completed on or before **May 21, 2004**.

2. Motions for summary judgment, if any, shall be filed on or before **June 21, 2004**.

3. Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within 21 days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL MORIARTY | PRISONER<br>: CIVIL NO. 3:02CV1662 (RNC)(DFM) |
| V. | : |
| RICHARD NEUBOULD, ET AL. | : JUNE 21, 2004 |

### DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE A MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 9(b) of the Local Rules of Civil Procedure, the undersigned defendants request an extension of time to file their motion for summary judgment. In support thereof, the defendants submit as follows:

1. By Ruling dated February 10, 2004, the Court (RNC) dismissed this case in its entirety against defendant Neubould and significantly narrowed the case against defendant Stein to a 14 day time period.

2. In its ruling, the Court stated that it would entertain a motion for leave to file an amended complaint should the plaintiff want to assert additional facts that would support a claim for deliberate indifference with regard to plaintiff's acid reflux condition.

3. Plaintiff apparently intended to file such a motion because on March 11, 2004 he requested an extension of time to do so. (Docket No. 24).

4. On March 18, 2004, the Court set a deadline for dispositive motions of June 21, 2004.

5. The defendants intend to file a motion for summary judgment and believe that plaintiff's case should be dismissed as a matter of law.

6. Due to the uncertainty of plaintiff's filing of an amended complaint, and other pressing responsibilities, the defendants require additional time for the filing of their motion for summary judgment.

7. This is the first motion for extension of time filed by the defendants.

8. The plaintiff is a pro se inmate and has not been consulted regarding this motion.

WHEREFORE, the defendants respectfully request a forty-five day extension of time to file their motion for summary judgment.

BY:

DEFENDANTS
Richard Neubould, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

_____
Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct16304
E-Mail: matthew.beizer@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 21st day of June, 2004:

Michael Moriarty, Inmate No. 14634-014
Federal Correctional Institution
P.O. Box 1000
Otisville, NY  10963

_____
Matthew B. Beizer
Assistant Attorney General

2

2 of 9



**State of Connecticut**
ATTORNEY GENERAL
MACKENZIE HALL
110 SHERMAN STREET
HARTFORD, CT 06105-2294

Michael Moriarty, Inmate No. 14634-014
Federal Correctional Institution
P.O. Box 1000
Otisville, NY 10963

**LEGAL MAIL**          **LEGAL MAIL**

1036341000 30