UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 JAN -7  P 2: 31

MICHAEL MORIARTY          :
                          :           U.S. DISTRICT COURT
    v.                    :      Case No. 3:02CV1662 (RNC)
                          :
RICHARD NEUBOULD, ET AL.  :

RULING AND ORDER

Pending before the court are plaintiff's motion for an extension of time to file an amended complaint, motion for service of subpoenas and motion for summary judgment. For the reasons set forth below, the motion for an extension of time is granted and the other motions are denied.

I.    Motion for Extension of Time [doc. # 24]

On February 11, 2004, the court granted in part and denied in part defendants' motion to dismiss. The court dismissed all claims against defendant Neubould and all claims against defendant Stein except the claim that he was deliberately indifferent to plaintiff's need for migraine headache medication from April 10 to April 24, 2002. Plaintiff was given 30 days to file and serve a motion for leave to amend his complaint, and a proposed amended complaint, alleging facts supporting a claim that Stein was deliberately indifferent to his acid reflux condition in May 2002. Plaintiff seeks an extension of time to file his motion for leave to amend.

At the time plaintiff filed his motion for an extension of time, he stated that he could not meet the 30-day deadline because

he did not have a copy of his medical file. It appears from his subsequently filed motion for summary judgment that he now has a copy of his medical file. Accordingly, his motion for an extension of time is granted. To be timely, any motion for leave to file an amended complaint must be filed and served, along with the proposed amended complaint, on or before January 31, 2005. In view of the age of this case, and the court's prior scheduling orders, further extensions of this date will not be granted.

II. Motion for Service of Subpoenas [doc. # 26]

Plaintiff, who is proceeding pro se and in forma pauperis, asks the court to direct the United States Marshal to serve two subpoenas for his medical records.[1] The court's power to grant plaintiff's request under 28 U.S.C. § 1915 is far from clear. As noted above, moreover, it is apparent that plaintiff now has a copy of his medical file. Accordingly, his motion for an order directing the Marshal to serve subpoenas on his behalf is denied.

III. Motion for Summary Judgment [doc. # 28]

Plaintiff has moved for summary judgment on his claim that Dr. Stein was deliberately indifferent to his complaints of migraine headaches during the period April 10 to April 24, 2002. Defendant

---

[1] In the alternative, plaintiff seeks permission to serve the subpoenas by certified mail. Fed. R. Civ. P. 45 specifically provides that a subpoena be personally served. "A subpoena may be served by any person who is not a party and is not less than 18 years of age. Service of a subpoena upon a person named therein shall be made by delivering an copy thereof to such person . . . ." Fed. R. Civ. P. 45(b)(1).

2

correctly argues in opposition to the motion that plaintiff has failed to comply with applicable rules. Local Rule 56(a)1 provides that "[t]here shall be annexed to a motion for summary judgment a document entitled 'Local Rule 56(a)1 Statement,' which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." In addition, "[e]ach statement of material fact in a Local Rule 56(a) Statement . . . must be followed by a citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial." D. Conn. Loc. Civ. R. 56(a)3. Because plaintiff has not filed a Local Rule 56(a)1 Statement, his motion for summary judgment is denied.

IV. Conclusion

Accordingly, plaintiff's motion for extension of time is hereby granted and his other motions are denied.

So ordered this 5 day of January 2005, at Hartford, Connecticut.

Robert N. Chatigny
United States District Judge